# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10385

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2020

Lyle W. Cayce
Clerk

LANDMARK AMERICAN INSURANCE COMPANY,

Plaintiff - Appellee

v.

LONERGAN LAW FIRM, P.L.L.C.; ET AL

Defendants

CHRISTOPHER DILLON SNELL; BRIAN LOCKHART; IMPROMPTU COMMUNICATIONS, L.L.C.; TODD CRAIN; JAMES L. SPRINGER, JR.,

Intervenor Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No 4:17-CV-278

Before JOLLY, SMITH, and STEWART, Circuit Judges.

ON PETITION FOR REHEARING

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Treating the petition for *en banc* rehearing as a petition for panel rehearing, we deny rehearing, but we withdraw our opinion dated February 19, 2020, 802 F. App'x 122, and substitute the following opinion:

This appeal follows the district court's grant of summary judgment in favor of Landmark American Insurance Company ("Landmark"). For the following reasons, we REVERSE and REMAND.

## I. Background

Gaylene Lonergan is a Texas lawyer. In 2015, a group of Investors[1] hired her to help close a real estate deal. After the deal turned out to be a scam, the Investors sought to recoup their losses by suing Lonergan in Texas state court for attorney malpractice.[2] At the time, Lonergan held a professional liability insurance policy with Landmark.[3] Under the "claims-made and reported" policy ("Policy"), Landmark agreed to defend and indemnify Lonergan provided that a "Claim" was made against her during the "Policy Period."[4] The parties agree that the Policy Period applicable here is May 8, 2015 to May 8, 2016. The Investors' state court suit against Lonergan, which was filed in July 2015, was a Claim made against her during the Policy Period. Landmark refused to defend Lonergan in the suit, which in 2017 proceeded to a bench trial. The

---

[1] The "Investors" include Christopher Snell; Brian Lockhart; Impromptu Communications, L.L.C.; Todd Crain; and James L. Springer, Jr. The district court referred to the collective as "Intervenor Defendants." They are now the appellants.

[2] Also named as a defendant in the state suit was Lonergan Law Firm, P.L.L.C. The firm also is a defendant in this suit.

[3] Landmark has no actual employees. It is a subsidiary of RSUI Group, Inc. RSUI's employees serve as Landmark's workforce.

[4] The Policy defines a "Claim" as "a written demand for monetary or non-monetary relief received by the Insured during the Policy Period . . . ."

state trial court ruled in the Investors' favor, awarding them a money judgment against Lonergan.

This suit was filed by Landmark in March 2017—while the state court suit was pending—in federal district court. Landmark sought a declaration that it did not have a duty to defend Lonergan under the Policy because, among other things, she failed to "report" the Claim to it during the Policy Period, as she was obligated to do by the Policy. The Investors argued that Lonergan in fact reported the Claim in April 2016 as part of her application to renew her insurance policy with Landmark. In support, they point to a "Claim Supplement" attached to the application. The relevant portion of the Claim Supplement reads as follows:

> September 2015 – Suit filed against Firm (as title agent), Title Company, Borrower(s), and Guarantor by Lender to the transaction – Regarding non-payment of loan by Borrower; alleged fraud and negligence – Discovery proceeding with Gaylene Rogers Lonergan's deposition being taken; Settlement talks are in process and Borrower is in process of paying outstanding amounts due Lender which will result in full release of all parties with no further liability.

Landmark does not contest the district court's finding that this note contained "a concise synopsis of the underlying dispute" between the Investors and Lonergan, i.e., the "Claim" that Lonergan was required to report to trigger Landmark's obligation to defend and indemnify her under the Policy. Nevertheless, Landmark argues that the Claim Supplement was insufficient to satisfy Lonergan's obligation to "report" the Claim to Landmark. The district court agreed and awarded summary judgment to Landmark. This appeal by the Investors followed.

No. 19-10385

## II. Standard of Review

We review a district court's grant of a motion for summary judgment de novo. *Jackson Women's Health Org. v. Dobbs*, 945 F.3d 265, 270 (5th Cir. 2019). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## III. Analysis

Under Texas law,[5] "courts are to construe insurance policies 'using ordinary rules of contract interpretation.'" *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017) (quoting *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 831 (Tex. 2009)). "Unless the policy dictates otherwise, [courts] give words and phrases their ordinary and generally accepted meaning, reading them in context and in light of the rules of grammar and common usage." *Id.* at 258 (quoting *RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 118 (Tex. 2015)). The parties agree that the Policy does not define "reported." Therefore, the plain meaning controls.

The Investors argue that the plain meaning of "reported" is to have provided information. They further argue that the Claim Supplement provided the relevant information here—facts of the Claim by the Investors against Lonergan—and therefore the district court erred by holding that Lonergan failed to report the Claim as required by the Policy. Landmark counters that the plain meaning of "reported" must be informed by the Policy's "Notice of Claim" provision, which obligates policyholders to "immediately send copies" of "demands, notices, summonses or legal papers" to its claims department. Because the Claim Supplement was sent to the underwriting department, not

---

[5] The parties agree that Texas law applies in this diversity case.

the claims department, Landmark argues that she could not have "reported" the Claim as required by the Policy.

Considering the terms of Landmark's policy before us in this case, we agree with the Investors. Landmark does not dispute that it received the Claim Supplement during the Policy Period. Lonergan therefore "reported"—provided information of—the Claim to Landmark as required by the Policy.

Landmark emphasizes the fact that the "Notice of Claim" provision in its policy obligated Lonergan to "Please send all claim information to: Attention: Claims Dept. [address]." It's true that courts outside of this circuit have held that requiring an insured to send notices to a claims department fulfills an essential feature of the provision of notice. *See, e.g., Am. Cas. Co. of Reading, Pa. v. Continisio,* 17 F.3d 62, 69 (3d Cir. 1994) ("[W]e join a growing line of cases prohibiting an insured from insisting that its insurer's underwriting department sift through a renewal application and decide what should be forwarded to the claims department on the insured's behalf."); *Atl. Health Sys., Inc v. Nat'l Union Fire Ins. Co.,* 463 F. App'x 162, 166–68 (3d Cir. 2012) (holding that sending a renewal application to one address when the policy required that notices of claims "shall" be sent to a different address was insufficient to satisfy the policy's reporting requirement); *United Health Grp. Inc. v. Columbia Cas. Co.,* 941 F. Supp. 2d 1029, 1032 (D. Minn. 2013) ("[N]otice hereunder *shall* be given in writing to . . . Claims Department[.]") (emphasis added). But Landmark's policy is distinguishable from these cases, because the "where" clause is defined in precatory ("please"), not mandatory ("shall") terms.

By its express terms, Landmark's direction of notice to the claims department cannot be considered a material condition, breach of which automatically justified the insurer's denial of coverage. We are guided by the Texas Supreme Court, which determined that requiring notice of a claim be made to the insurer "as soon as practicable" is not a material condition of

coverage when notice was provided within the time specified in the claims-made policy. *Prodigy Commc'ns Corp. v. Agric. Excess & Surplus Ins. Co.,* 288 S.W.3d 374, 382 (Tex. 2009). While an insured's breach of a material reporting obligation relieves an insurer of its duty to defend and indemnify the insurer, the same is not necessarily true when an insured breaches an immaterial notice condition. *See id.* Thus, given the immateriality of the particular notice condition expressed here, Landmark may be relieved of its duty to defend and indemnify only upon a showing that it was prejudiced by the breach. *See id.*; *E. Tex. Med. Ctr. Reg'l Healthcare Sys. v. Lexington Ins. Co.,* 575 F.3d 520, 529–30 (5th Cir. 2009) ("[N]otice of suit is an obligation that is subject to the need to show prejudice.") (discussing *Prodigy*, 288 S.W.3d at 381).

Here, the district court never reached the question of whether Landmark was prejudiced by Lonergan's alleged failure to comply with the Policy's notice provisions because the court held that Lonergan failed to satisfy her reporting obligation. Even though we hold that Lonergan reported her claim under the Policy, we decline to reach the issue of whether she breached the Policy's notice conditions or whether any such breach may have prejudiced Landmark.

## IV. Conclusion

For the foregoing reasons, we REVERSE the judgment of the district court granting summary judgment to Landmark and REMAND for proceedings consistent with this opinion. We express no view or limitation on the actions the district court should take on remand.